Ms. Lori Pearman 911 Deerfield Court Russellville, Arkansas 72801
Dear Ms. Pearman:
I am writing in response to your request for an opinion on the propriety of the records custodian's decision in response to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007). You directed a FOIA request to the records custodian at Arkansas Court Appointed Special Advocates for Children (CASA) for a certain person's job application for a volunteer position with CASA. You report that the person whose volunteer job-application you seek was hired for the volunteer position, later served in two different paid positions with CASA, and is currently employed with CASA. Your request for the volunteer job-application was denied, though you do not say why.
RESPONSE
This opinion is conditioned upon a determination that CASA is subject to the FOIA. I lack sufficient facts to make that determination. As explained below, an entity is subject to the FOIA when it receives public funds and is sufficiently intertwined with government affairs. As further explained below, if CASA is subject to act, the job application in all likelihood must be disclosed. This office has consistently opined that job applications are public records and, therefore, must generally be disclosed under the FOIA. E.g. Op. Att'y Gen. Nos. 2009-032, 96-190. As a public record, the job application may be withheld only if it falls within an exception. The potentially relevant exception for job applications is the exception for personnel records. I use the phrase "potentially relevant exception" because it is somewhat unclear whethervolunteer job-applications constitute *Page 2 
personnel records. Despite the uncertainty about how to classify volunteer job-applications, I can opine generally that such records are likely subject to disclosure. If the volunteer job-applicationis a personnel record, the test for withholding the application is probably not met. If the volunteer job-application is not a personnel record, and assuming no other exceptions apply, the application must be disclosed under the FOIA. I must emphasize that this conclusion is conditioned upon a finding that CASA is, in fact, subject to the FOIA.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested documents must constitute public records. Third, no exceptions allow the documents to be withheld.
I lack sufficient information to determine whether the first element is met. Assuming CASA is a private entity, it is only subject to the FOIA if it is wholly or partially supported by public funds and is intertwined with government affairs. E.g. Op. Att'y Gen. No. 2007-192. It must also be determined whether the private entity carries on "public business" or is otherwise intertwined with the activities of government.See J. Watkins R. Peltz, The Arkansas Freedom of Information Act, 50-52 (m m Press, 4th ed. 2004) (discussing the "intertwining" element). The remainder of this opinion is conditioned on CASA beingsubject to the FOIA.
As for the second element, the FOIA defines "public records" as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Job applications are "public records." E.g. Op. Att'y Gen. Nos. 2006-218, 2006-193, 2006-162, 2002-068, 2001-368. *Page 3 
The volunteer job-application thus constitutes a public record and must be released unless some exception permits the custodian to withhold it.
As for the third element, involving exceptions from disclosure, this office has historically opined that job applications of successful applicants constitute "personnel records" under the FOIA.[1] It is unclear whether a volunteer job-application constitutes a personnel record because it is unclear whether volunteers are "personnel." However, I find it unnecessary to resolve that point because, in any event, the volunteer job-application will likely be subject to disclosure either as a non-exempt "public record" or as a "personnel record" under the test discussed below.
Personnel records must be disclosed unless their disclosure constitutes a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). The test for determining the release of personnel records may be summarized as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not *Page 4 
insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y Gen. 2004-260, at 2.
Because volunteer job-applications rarely contain information the disclosure of which constitutes a clearly unwarranted invasion of personal privacy, custodians are likely not permitted to withhold the applications under the exemption for personnel records. As my predecessor has stated, the information contained in job applications such as "educational background and work history" "reflect job qualifications and a public interest therefore attaches to this information." Op. Att'y Gen. 2006-165, at 9-10. Nonetheless, certain information may need to be redacted from applications of successful applicants. Among the categories of exempt information to be deleted are social security numbers (Ops. Att'y Gen. Nos. 2001-203, 99-011, 97-042); medical information and school transcripts (A.C.A. § 25-19-105(b)(2)), and home addresses (exempted by A.C.A. § 25-19-105(b)(13)).
In conclusion, assuming CASA is a subject to the act, it is my opinion that the volunteer job-application must be disclosed. A volunteer job-application clearly is a public record and must therefore be disclosed unless some exception permits the custodian to withhold it. Even if volunteer job-applications constitute personnel records, the test to withhold the application is probably not met in this case. Therefore, regardless of whether the volunteer job-application constitutes a personnel record, the job application, in my opinion, should be released after any eligible information is redacted. *Page 5 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Historically, this office has distinguished between job applications of successful and unsuccessful applicants. If the applicant was hired, then the application is considered a personnel record.E.g. Op. Att'y Gen. Nos. 2008-039, 2006-218, 2006-162, 95-244, 95-113. Under those opinions, if the applicant was not hired, then the application is not considered a "personnel record." E.g. Op. Att'y Gen. Nos. 2008-039, 2003-015. In the latter situation, the document must be released because it is a public record and ordinarily no exceptions apply to prevent disclosure. But see J. Watkins R. Peltz, The ArkansasFreedom of Information Act, 177-79 (m m Press, 4th ed. 2004) (citing two conflicting circuit court cases). These two commentators argue that the "better view is that the term `personnel records' includes documents pertaining to job applicants, whether or not they are ultimately hired." Despite this characterization, they note that resolving "this issue makes little practical difference, however, because the scope of the personnel exemption is limited by the invasion of privacy standard."Id. at 178.

 *Page 1